IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DiCLEMENTE, <br>                Plaintiff, <br> v. <br><br> ADAMS OUTDOOR ADVERTISING, INC., <br>                Defendant. | : CIVIL ACTION <br> : <br> : ELECTRONICALLY FILED <br> : ON MARCH 24, 2015 <br> : <br> : CLASS/COLLECTIVE ACTION <br> : <br> : JURY TRIAL DEMANDED |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Joseph DiClemente ("Plaintiff") brings this class/collective action against Defendant Adams Outdoor Advertising, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. §216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and Rule 23 class action claims may proceed together in same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## **PARTIES**

4. Plaintiff is an individual residing in Lake Ariel, PA (Wayne County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporate entity registered with the Pennsylvania Department of State, headquartered in Rosewell, GA, and maintaining local offices in Bethlehem, PA and Stroudsburg, PA (Monroe County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## **FACTS**

8. Defendant owns and rents billboards and other outdoor advertising space throughout the United States.

9. During the three-year period relevant to this lawsuit, Defendant has employed hundreds of individuals who are paid an hourly wage and are classified as non-exempt from federal and state overtime pay mandates. These individuals, who hold various job titles, are referred to herein as "Hourly Employees."

10. Plaintiff has been employed by Defendant as an Hourly Employee for over 20 years and is assigned to Defendant's Stroudsburg, PA office.

11. Plaintiff, like other Hourly Employees, uses Defendant's company-wide electronic timekeeping system to report his work hours to Defendant.

12. Plaintiff often works and reports working over 40 hours per week. On such occasions, Defendant's administrators adjust Plaintiff's time entries downward so that Plaintiff is paid for working only 40 or fewer hours per week. Within the past three years, Defendant's downward adjustments of Plaintiff's reported overtime hours have varied. During some weeks (especially in late-2012), Defendant would remove upwards of 5 overtime hours from Plaintiff's weekly pay. More recently, the removed hours would be more modest (maybe just 1 or 2 hours). Upon information and belief, Defendant's electronic timekeeping software will enable Plaintiff and other Hourly Employees to obtain "audit trails" demonstrating the specific number of reported overtime hours that have gone uncompensated each week.

13. In addition to the uncompensated reported overtime hours described above, Defendant requires Plaintiff and some – but not all – Hourly Employees to spend specific evenings driving to area billboards to report whether any billboard lights need replacement. This assignment is referred to as "riding lights." Plaintiff and other Hourly Employees are not permitted to enter the time spent riding lights into Defendant's timekeeping system. As a result, Plaintiff and other Hourly Employees received no compensation for time spent riding lights, even though such time usually is performed in addition to the regular 40-hour workweek. Plaintiff estimates that, during a typical week in which he was required to ride

lights, he would be shortchanged approximately 5-7 hours of overtime pay.

14. Defendant's above practices have resulted in Plaintiff and other Hourly Employees working many overtime hours without compensation. In this regard, Defendants' conduct has been willful and undertaken with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Hourly Employees who have been employed by Defendant in the United States within the past three years.

16. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other Hourly Employees, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17. Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all Hourly Employees who have been employed by Defendant in Pennsylvania within the past three years.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19. The class, upon information and belief, includes over 50 individuals,

all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

22. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide timekeeping and pay policies, as summarized herein. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this lawsuit.

## COUNT I
### (Alleging FLSA Violations)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

26. Defendant has violated the FLSA by failing to pay Plaintiff and other FLSA collective members for all overtime hours worked.

27. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

30. Defendant has violated the PMWA by failing to pay Plaintiff and other Rule 23 class members for all overtime hours worked.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this lawsuit to proceed as a collective and class

action;

    B.    Unpaid overtime wages and prejudgment interest;

    C.    Liquidated damages to the fullest extent permitted under the FLSA;

    D.    Litigation costs, expenses, and attorneys' fees; and

    E.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial.

Date: March 24, 2015          Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
pwinebrake@winebrakelaw.com