IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH DiCLEMENTE, *et al.*

v.

ADAMS OUTDOOR ADVERTISING, INC.

3:15-cv-00596-MEM

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs (as defined below) and Defendant (as defined below) STIPULATE and AGREE as follows:

1.      **Definitions.**  The following terms will have the following meanings:

 **"Action"** means the above-captioned class action lawsuit.

**"Agreement"** means this "Settlement Agreement and Release."

**"Approval Date"** means the date on which the Court enters an order approving the Settlement as fair, reasonable, and adequate and dismissing the Action with prejudice.

**"Approval Motion"** means the motion to be filed by Plaintiffs' Counsel attaching a copy of the Agreement and requesting that the Court enter an order approving the Settlement as fair, reasonable, and adequate and dismissing the Action with prejudice

**"Court"** means the United States District Court for the Middle District of Pennsylvania.

**"Defendant"** means Adams Outdoor Advertising, Inc.

**"Defense Counsel"** means Gross McGinley, LLP.

 **"Parties"** refers jointly to Plaintiffs and Defendant.

**"Payout Amount"** means, for each Plaintiff, the amount listed below and totaling $23,750.00:   Joseph DiClemente = $10,935.83; Jessica (Wills) Giuricich Wills = $937.68; Nathan Bush = $3,014.74; Robert Vosper = $3,529.49; Aneta Lotrean = $2,815.62; and Karly

Diehl = $2,516.65.[1]

**"Plaintiffs"** mean the following six (6) individuals: Joseph DiClemente, Jessica Giuricich, Nathan Bush, Robert Vosper, Aneta Lotrean, and Karly Diehl.

**"Plaintiffs' Counsel"** means Winebrake & Santillo, LLC.

**"Released Parties"** means Defendant and any of its parents, franchisors, partners, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on Defendant's behalf.

**"Settlement"** means the terms and conditions described in this Agreement.

**2.     Maximum Settlement Amount.**  Defendant's total payment under this Settlement will not under any circumstances exceed $47,500.00 plus any employer-side payroll taxes and withholdings (such as, for example, the employer's share of FICA) associated with the Payout Amounts.

**3**.     **Condition Precedent.**  This Settlement is conditioned on passage of the Approval Date.

**4**.     **Release.**  Upon passage of the Approval Date and Defendant's fulfillment of its payment obligations under paragraphs 5-6, each Plaintiff (on behalf of himself/herself and his/her heirs, spouses, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims arising prior to April 19, 2016 and alleging unpaid wages or overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local

---

[1]   These amounts to Plaintiffs will be enhanced *pro rata* if: the Court disapproves any portion of Plaintiffs' Counsel's requested attorney's fees or expenses as described in Section 6.

statute, regulation, rule, or common law theory.

5. **Payments to Plaintiffs.** Within fourteen (14) days of the Approval Date, Defendant will issue to each Plaintiff a payroll check in the gross amount of his/her Payout Amount, from which Defendant will withhold all applicable federal, state, and local taxes and withholdings ordinarily borne by employees pursuant to Defendant's ordinary payroll practices.[2] Defendant will promptly deliver these payroll checks to Plaintiffs' Counsel. No later than three (3) business days after receiving the payroll checks from Defendant, Plaintiffs' Counsel will mail the checks to Plaintiffs. If the Postal Service returns any check with a forwarding address, Plaintiffs' Counsel will promptly re-mail the check to the forwarding address. If the Postal Service returns any check without a forwarding address, Plaintiffs' Counsel will make all good faith and reasonable efforts to obtain the Plaintiff's current mailing address and will promptly re-mail the check to any updated address. If any check remains uncashed 120 days after the Approval Date, Defendant may issue a stop payment on the check and retain all associated funds.

6. **Payment of Plaintiffs' Counsel's Fees and Expenses.** Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of fees and expenses of $23,750.00. This amount is addition to the Payout Amount to Plaintiffs described in Section 5. The Settlement is ***not*** contingent upon the Court's approval of this amount. Within fourteen (14) days of the Approval Date, Defendant will mail to Plaintiffs' Counsel a non-payroll check made payable to Winebrake & Santillo, LLC and equaling any Court-approved fees and expenses. Defendant will issue to Plaintiffs' Counsel an IRS 1099 Form reflecting this payment. Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with this payment.

7. **Confidentiality.** Plaintiffs agree that he/she will not communicate or disclose the

---

[2] To assist with this process, Plaintiffs' Counsel will provide to Defense Counsel a spreadsheet listing each Plaintiff's most up-to-date address as of the Approval Date.

terms of this Agreement, or the circumstances leading up to this Agreement, to any persons other than his/her spouse, significant other, immediate family, attorney, accountant and/or tax consultant, or as otherwise required by law.  Nothing in this paragraph is intended to prohibit Plaintiffs from disclosing that this matter has been resolved without making reference to the terms of this Agreement.  Subject to the foregoing, Plaintiffs may disclose the fact that the Action "has ended" or "is over" and that he/she "may not discuss the matter further."

8.     **Entire Agreement.**  This Agreement embodies the entire agreement between the Parties and controls over any prior communications.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

9.     **Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

10.    **No Admissions.**   Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendant denies any wrongdoing and continues to assert that, absent this Settlement, they ultimately would prevail in the Action.

11.    **Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims or the propriety of collective litigation.

12.    **Duty to Defend.**  The Parties and their counsel will support the Agreement against any legal challenge.

13.    **Warranty of Authority.**  Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

- 4 -

14.     **Applicable Law.**   This Agreement is governed and construed pursuant to Pennsylvania law.

15.     **Written Modifications.**   This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16.     **Execution.**   This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Joseph DiClemente                                            Date

_____          _____
Jessica Giuricich                                               Date

_____          _____
Nathan Bush                                                     Date

_____          _____
Robert Vosper                                                  Date

_____          _____
Aneta Lotrean                                                  Date

_____          _____
Karly Diehl                                                      Date

_____          _____
For Winebrake & Santillo, LLC                     Date   5/9/16

_____          _____
For Adams Outdoor Advertising, Inc.             Date   05/04/16

_____          _____
For Gross McGinley, LLP                             Date   5/6/16

- 5 -

14.     **Applicable Law.**    This Agreement is governed and construed pursuant to Pennsylvania law.

15.     **Written Modifications.**    This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16.     **Execution.**    This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

| | |
|---|---|
| _____ | __5/5/16_____ |
| Joseph DiClemente | Date |
| _____ | _____ |
| Jessica Giuricich | Date |
| _____ | _____ |
| Nathan Bush | Date |
| _____ | _____ |
| Robert Vosper | Date |
| _____ | _____ |
| Aneta Lotrean | Date |
| _____ | _____ |
| Karly Diehl | Date |
| _____ | _____ |
| For Winebrake & Santillo, LLC | Date |
| _____ | _____ |
| For Adams Outdoor Advertising, Inc. | Date |
| _____ | _____ |
| For Gross McGinley, LLP | Date |

14.   **Applicable Law.**   This Agreement is governed and construed pursuant to Pennsylvania law.

15.   **Written Modifications.**   This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16.   **Execution.**   This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

Joseph DiClemente                                     Date

*Jessica Giuricich*
Jessica Giuricich                                     5-10-2016
                                                      Date

Nathan Bush                                           Date

Robert Vosper                                         Date

Aneta Lotrean                                         Date

Karly Diehl                                           Date

For Winebrake & Santillo, LLC                         Date

For Adams Outdoor Advertising, Inc.                   Date

For Gross McGinley, LLP                               Date

- 5 -

14.     **Applicable Law.**   This Agreement is governed and construed pursuant to Pennsylvania law.

15.     **Written Modifications.**   This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16.     **Execution.**   This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

| | |
|---|---|
| _____ | _____ |
| Joseph DiClemente | Date |
| | |
| _____ | _____ |
| Jessica Giuricich | Date |
| *Nathan Bush* (signature) | 5-4-16 |
| Nathan Bush | Date |
| | |
| _____ | _____ |
| Robert Vosper | Date |
| | |
| _____ | _____ |
| Aneta Lotrean | Date |
| | |
| _____ | _____ |
| Karly Diehl | Date |
| | |
| _____ | _____ |
| For Winebrake & Santillo, LLC | Date |
| | |
| _____ | _____ |
| For Adams Outdoor Advertising, Inc. | Date |
| | |
| _____ | _____ |
| For Gross McGinley, LLP | Date |

14.     **Applicable Law.**   This Agreement is governed and construed pursuant to Pennsylvania law.

15.     **Written Modifications.**   This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16.     **Execution.**   This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

| | |
|---|---|
| Joseph DiClemente | Date |
| Jessica Giuricich | Date |
| Nathan Bush | Date |
| Robert Vosper | 5-6-16 |
| | Date |
| Aneta Lotrean | Date |
| Karly Diehl | Date |
| For Winebrake & Santillo, LLC | Date |
| For Adams Outdoor Advertising, Inc. | Date |
| For Gross McGinley, LLP | Date |

- 5 -

14.    **Applicable Law.**    This Agreement is governed and construed pursuant to Pennsylvania law.

15.    **Written Modifications.**    This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16.    **Execution.**    This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Joseph DiClemente                                          Date

_____          _____
Jessica Giuricich                                              Date

_____          _____
Nathan Bush                                                    Date

_____          _____
Robert Vosper                                                 Date

_____          _____
Aneta Lotrean                                                 Date     5/5/16

_____          _____
Karly Diehl                                                      Date

_____          _____
For Winebrake & Santillo, LLC                       Date

_____          _____
For Adams Outdoor Advertising, Inc.              Date

_____          _____
For Gross McGinley, LLP                              Date

- 5 -

14. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

15. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

16. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____          _____
Joseph DiClemente                         Date

_____          _____
Jessica Giuricich                         Date

_____          _____
Nathan Bush                               Date

_____          _____
Robert Vosper                             Date

_____          _____
Aneta Lotrean                             Date

_____          _____5/14/16_____
Karly Diehl                               Date

_____          _____
For Winebrake & Santillo, LLC             Date

_____          _____
For Adams Outdoor Advertising, Inc.       Date

_____          _____
For Gross McGinley, LLP                   Date

- 5 -